EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JUAN AGOSTO OTERO, acusado y apelante.

No. 4291.—*Sometido:* Enero 23, 1931. *Resuelto:* Marzo 31, 1931.

*Dubón & Ochoteco,* abogados del apelante; *R. A. Gómez,* abogado de *El Pueblo,* apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Juan Agosto Otero fué acusado ante la Corte Municipal de Río Piedras de haber guiado un automóvil con tal negligencia que lo hizo chocar con otro en que viajaba la señora Isabel Vaughan, produciendo a ésta varias contusiones y la fractura de una costilla. La corte lo declaró culpable. No conforme, apeló para ante la Corte de Distrito de San Juan, y, otra vez fué declarado culpable. Recurrió entonces para ante este tribunal.

En el alegato se levantan varios errores referentes uno a habérsele permitido impugnar al fiscal indebidamente un testigo por él mismo presentado y otros a la errónea apreciación de las pruebas. También aparece del récord alegada la falta de jurisdicción de la Corte Municipal de Río Piedras y el haber estado expuesto el acusado por el mismo delito ante la Corte Municipal de San Juan.

El caso ha sido estudiado cuidadosamente en el seno del tribunal, habiéndose llegado finalmente a la conclusión unánime de que debe revocarse la sentencia apelada porque la

prueba aportada por El Pueblo es insuficiente para demostrar fuera de duda razonable la culpabilidad del acusado.

En el nuevo juicio ante la corte de distrito declaró el acusado que no era él el que manejaba el automóvil al tiempo de ocurrir el accidente, sino el dueño del mismo, Ramón B. Roig, y éste declaró en igual sentido, explicando que tenía una licencia de aprendizaje y que el acusado, que era un *chauffeur* experto, iba a su lado, pero que era él en persona el que guiaba.

Las declaraciones en que se basa el fallo condenatorio fueron las de F. W. Vaughan y el Dr. Payne. Ninguno de ellos vió al acusado Otero guiando el automóvil, pero tienden a demostrar que Otero y Roig admitieron, momentos después del accidente, que Otero era el que guiaba. Decimos tienden a demostrar, pero nuestra conciencia de juzgadores no nos permite afirmar que demostraron fuera de duda razonable y fundada que lo guiaba. Otero y Roig hablaban en español. El Doctor Payne conocía el español; el señor Vaughan lo entendía algo. Roig y Otero explican que lo admitido fué que Otero era el *chauffeur* del carro, pero no que lo guiara. Roig sostuvo no sólo en la corte de distrito, sino en la municipal de Río Piedras y en la municipal de San Juan, que él era el que manejaba el auto. Y la verdad es que el experimento que hizo el juez municipal de Río Piedras para contradecir su testimonio, no tiene gran importancia, porque no fué en un camino abierto en que puso a manejar al testigo, sino que le encomendó sacar un auto de un sitio en que estaba prácticamente encajonado, maniobra difícil aun para los mismos expertos, y Roig lo que dice es que estaba aprendiendo a guiar, debiéndose precisamente a ello que llevara a su lado al *chauffeur* Otero.

Puede que Otero sea culpable; puede que las sentencias dictadas por la corte municipal y la de distrito sean justas; pero ante la duda razonable y fundada que ha surgido en nosotros, *se impone la revocación del fallo recurrido y la absolución del acusado.*